UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
EDWARD GREENE                 :   Civ. No. 3:21CV01513(SALM)
                              :
v.                            :
                              :
WATERBURY POLICE DEPARTMENT,  :
OFFICER JAMES MCMAHON,        :
OFFICER PAUL CHARETTE,        :
and OFFICER NATHAN SHEEHAN    :   November 23, 2021
                              :
------------------------------x
```

## INTIAL REVIEW ORDER

Self-represented plaintiff Edward Greene ("plaintiff") brings this action pursuant to 42 U.S.C. §1983 alleging violations of his rights pursuant to the Fourth and Eighth Amendments to the United States Constitution. See Doc. #1 at 3. He proceeds in forma pauperis. See Doc. #6. Plaintiff asserts violations of his rights under the United States Constitution in connection with his arrest by officers of the Waterbury Police Department on October 11, 2017. See Doc. #1 at 4. Plaintiff names as defendants the Waterbury Police Department and Officers James McMahon, Paul Charette, and Nathan Sheehan. See id. at 2-3. He brings his claims against each Officer defendant in his official and individual capacities. See id. As relief, plaintiff seeks financial damages. See id. at 5.

1

I.   **Standard of Review**

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to ensure that it may proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii). The Court must also dismiss a complaint to the extent it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(iii).

The Court construes complaints filed by self-represented plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Nevertheless, it is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they

suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

**II.  Factual Allegations**

The Court accepts the allegations of the Complaint as true, solely for purposes of this initial review. See Iqbal, 556 U.S. at 678-79.

The Complaint alleges that on October 11, 2017, defendants McMahon and Charette "unlawfully arrested" plaintiff, in violation of the Fourth Amendment. Doc. #1 at 4. On October 12, 2017, defendant Sheehan "wrote an incident report attesting to being a part of what would ultimately become more charges which would become part of the reason for [plaintiff's] unlawful imprisonment[.]" Id. Plaintiff asserts that on July 5, 2019, after being detained in custody since his arrest on October 11, 2017, he was acquitted and released from custody. See id. Plaintiff further alleges: "During the 632 days of wrongful imprisonment and since then I been subject to anxiety,

depression, post traumatic stress disorder, and paranoia. While incarcerated I suffered from stress induced alopecia, lack of iron and vitamin d, hemmorhoids and arthritis. I have not received any medical treatment for my injuries[.]" Id. at 5 (sic).

### III. Discussion

The Court construes the Complaint as alleging claims for false arrest and malicious prosecution against all defendants.

####   A.   Eighth Amendment

Plaintiff asserts that defendants violated his Fourth and Eighth Amendment rights. See Doc. #1 at 3. However, claims of false arrest and malicious prosecution are considered under the Fourth Amendment rather the Eighth Amendment. See Cea v. Ulster Cnty., 309 F. Supp. 2d 321, 336 (N.D.N.Y. 2004) ("[B]ecause Plaintiff's claims are based upon his arrest and pre-trial detention, he does not properly allege a violation of the Eighth Amendment."). "The Eighth Amendment affords protection to sentenced prisoners." Fennelly v. Sharoh, No. 3:16CV01673(JCH), 2018 WL 1401976, at *4 (D. Conn. Mar. 19, 2018). Plaintiff was acquitted. Accordingly, any claims brought pursuant to the Eighth Amendment are **DISMISSED, with prejudice.**

####   B.   Waterbury Police Department

Plaintiff asserts claims against the Waterbury Police Department. However, "a municipal police department is not

subject to suit under section 1983 because it is not an independent legal entity." Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008); see also Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 164 (D. Conn. 2005) ("A municipal police department ... is not a municipality nor a 'person' within the meaning of section 1983."). Accordingly, all claims against the Waterbury Police Department are **DISMISSED, with prejudice.**

### C. Defendants McMahon, Charette, and Sheehan – Official Capacity Claims

A claim against a municipal officer in his or her official capacity is essentially a claim against the municipality for which he or she works. See Davis v. Stratton, 360 F. App'x 182, 183 (2d Cir. 2010) (summary order). "Therefore, in order to assert a viable claim against a municipal employee in his official capacity, the plaintiff must have a viable Monell[1] claim against the municipality." Seri v. Town of Newtown, 573 F. Supp. 2d 661, 671 (D. Conn. 2008) (footnote added). "Plaintiffs who seek to impose liability on local governments under §1983 must prove, inter alia, that the individuals who violated their federal rights took action pursuant to official municipal policy." Outlaw v. City of Hartford, 884 F.3d 351, 372 (2d Cir.

---

[1] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

2018) (citations and quotation marks omitted). Plaintiff has not alleged any policy, or any facts even suggesting such a policy, sufficient to state a Monell claim against the City Waterbury, and therefore, his official capacity claims against the defendant Officers fail. See Garcia-Ortiz v. City of Waterbury, No. 3:19CV00426(VAB), 2020 WL 1660114, at *4 (D. Conn. Apr. 3, 2020) (dismissing claims against individual officers in their official capacities because conclusory allegations did not satisfy Monell). Accordingly, all claims against defendants McMahon, Charette, and Sheehan in their official capacities are **DISMISSED, without prejudice.**

### D. Defendants McMahon, Charette, and Sheehan – Individual Capacity Claims

The Court has construed the Complaint as bringing claims against the individual defendants for false arrest and malicious prosecution in violation of the Fourth Amendment. Claims for false arrest or malicious prosecution brought pursuant to §1983 "to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are substantially the same as claims for false arrest or malicious prosecution under state law." Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (citations and quotation marks omitted).

> Under Connecticut law, false imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another. A plaintiff bringing a false arrest or false imprisonment claim under

>Connecticut law must have had the underlying charges terminated in his or her favor. To state a claim for malicious prosecution under Connecticut law, a plaintiff must prove four elements: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice.

Spears v. New Haven Police Dep't, No. 3:20CV01652(MPS), 2021 WL 1857264, at *4 (D. Conn. May 10, 2021) (citations and quotation marks omitted).

Plaintiff has not used legal terminology in his Complaint. But the Court construes his self-represented pleading generously, and the import of his allegations is clear. Plaintiff contends that defendants "unlawfully arrested" him, "wrote an incident report[,]" and testified in criminal proceedings against him, all resulting in his "wrongful imprisonment." Doc. #1 at 4. These allegations are sufficient to proceed to service of process on defendants McMahon, Charette, and Sheehan in their individual capacities.

**IV. Conclusion**

For the foregoing reasons, the court enters the following orders:

- All claims against the Waterbury Police Department are **DISMISSED, with prejudice**. All Eighth Amendment claims are **DISMISSED, with prejudice**.

7

- All claims against defendants McMahon, Charette, and Sheehan in their **official** capacities are **DISMISSED, without prejudice.**

- The case may proceed to service on plaintiff's Fourth Amendment false arrest and malicious prosecution claims against defendants McMahon, Charette, and Sheehan in their **individual** capacities.

Plaintiff has two options as to how to proceed after this Initial Review Order:

(1)  **If plaintiff wishes to proceed against defendants McMahon, Charette, and Sheehan, in their individual capacities only, he may do so without further delay.** Plaintiff may simply file a Notice on the docket requesting that the case proceed to service of process on these three defendants. Plaintiff shall file this Notice as soon as possible, and no later than **December 16, 2021.** If plaintiff files this Notice, the Clerk will immediately provide plaintiff with the "service packets" to be completed, so that the process of service on these defendants (by waiver or, if necessary, by formal service) can begin.

**OR, IN THE ALTERNATIVE:**

(2)  **If plaintiff wishes to attempt to state a viable claim against defendants McMahon, Charette, and Sheehan in their official capacities, he may file an Amended Complaint on or before December 16, 2021.** Any such Amended Complaint must not

8

assert any claims that have been dismissed <u>with prejudice</u> in this Order. An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original Complaint in evaluating any Amended Complaint. The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

**<u>CHANGES OF ADDRESS</u>**: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result in the dismissal of the case.** Plaintiff must give notice of a new address even if he remains incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. He should also notify the defendants or defense counsel of his new address.

A separate case management order will issue once counsel for defendants files an appearance in this matter.

It is so ordered this 23rd day of November, 2021, at New Haven, Connecticut

                                                      ___/s/_____
                                                      SARAH A. L. MERRIAM
                                                      UNITED STATES DISTRICT JUDGE