```
                       UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

------------------------------x
                              :
EDWARD GREENE                 :    Civ. No. 3:21CV01513(SALM)
                              :
v.                            :
                              :
CITY OF WATERBURY,            :
OFFICER JAMES MCMAHON,        :
OFFICER PAUL CHARETTE,        :
and OFFICER NATHAN SHEEHAN    :    December 22, 2021
                              :
------------------------------x
```

## INITIAL REVIEW ORDER -- AMENDED COMPLAINT

Self-represented plaintiff Edward Greene ("plaintiff") brought this action pursuant to 42 U.S.C. §1983 alleging violations of his rights pursuant to the Fourth and Eighth Amendments to the United States Constitution, in a Complaint filed November 12, 2021. See Doc. #1 at 3. He proceeds in forma pauperis. See Doc. #6. Plaintiff asserts violations of his rights under the United States Constitution in connection with his arrest by officers of the Waterbury Police Department on October 11, 2017. See Doc. #1 at 4.

In his original complaint, plaintiff named as defendants the Waterbury Police Department and Officers James McMahon, Paul Charette, and Nathan Sheehan. See id. at 2-3. He brought his claims against each Officer defendant in his official and individual capacities. See id. As relief, plaintiff sought financial damages. See id. at 5.

1

On November 23, 2021, the Court issued an Initial Review Order, dismissing all claims against the Waterbury Police Department <u>with prejudice</u>, and all claims against the officers in their official capacities <u>without prejudice</u>. <u>See</u> Doc. #7 at 7-8. Plaintiff filed an Amended Complaint on November 29, 2021, <u>see</u> Doc. #8, which the Court now reviews pursuant to 28 U.S.C. §1915.

## I. Standard of Review

When a plaintiff files a civil complaint <u>in forma pauperis</u> under 28 U.S.C. §1915, the Court reviews the complaint to ensure that it may proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii). The Court must also dismiss a complaint to the extent it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(iii).

"[A] district court retains the authority -- and indeed the duty -- to <u>sua sponte</u> review the pleading sufficiency of [an] amended complaint." <u>Praileau v. Fischer</u>, 930 F. Supp. 2d 383, 389 (N.D.N.Y. 2013); <u>see also</u> <u>Parker v. Mack</u>, 460 F. App'x 62 (2d Cir. 2012) (affirming <u>sua sponte</u> dismissal of Third Amended Complaint).

The Court construes complaints filed by self-represented

plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will generally not dismiss a complaint filed by a self-represented plaintiff without providing an opportunity to replead, where such an opportunity has been given and the amended complaint still fails to state a claim, further opportunities to amend need not be granted. See, e.g., Stefanoni v. Darien Little League, Inc., 101 F. Supp. 3d 160, 184 (D. Conn. 2015) ("The Court dismisses the case with prejudice because [plaintiff] has already twice amended his complaint and a liberal review of the allegations in the Second Amended Complaint gives no indication that a valid claim could ever be stated."); Grimes v. Fremont Gen. Corp., 933 F. Supp. 2d 584, 596 (S.D.N.Y. 2013) ("But Plaintiffs have twice already been granted leave to amend their complaint. Even pro se litigants are generally not entitled to further amendment." (citation omitted)).

**II.  Factual Allegations**

The Court accepts the allegations of the Amended Complaint as true, solely for purposes of this initial review. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The Amended Complaint makes only one substantive change to the factual allegations made in the original Complaint. Compare Doc. #1, with Doc. #8. Specifically, plaintiff adds the following factual allegation: "On 11/6/17, Internal Affairs recommends defendant

McMahon receive training in pat downs, search incident to arrest and report writing. This lack of training amounts to deliberate indifference to my constitutional rights, giving way to a Monell claim against The City of Waterbury." Doc. #8 at 4 (sic).

## III. Discussion

The Court has previously construed the Complaint as alleging claims for false arrest and malicious prosecution against all defendants. The Court here reviews only the allegations against the City of Waterbury and against the officers in their official capacities.

As the Court explained in the first Initial Review Order, a plaintiff who seeks "to impose liability on local governments under §1983 must prove, inter alia, that the individuals who violated their federal rights took action pursuant to official municipal policy." Outlaw v. City of Hartford, 884 F.3d 351, 372 (2d Cir. 2018) (citations and quotation marks omitted). Plaintiff has now added an allegation that the Internal Affairs division recommended that "defendant McMahon receive training in pat downs, search incident to arrest and report writing." Doc. #8 at 4. Plaintiff then asserts, in a conclusory fashion: "This lack of training amounts to deliberate indifference to my constitutional rights, giving way to a Monell claim against The City of Waterbury." Doc. #8 at 4 (sic).

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of §1983." Connick v. Thompson, 563 U.S. 51, 61 (2011). However, "[a] municipality may be held liable under §1983 for constitutional violations arising out of its inadequate training of municipal employees, only where the failure to train amounts to deliberate indifference to the rights of an individual injured by a municipal employee." Chamberlain Est. of Chamberlain v. City of White Plains, 960 F.3d 100, 115 (2d Cir. 2020) (citation and quotation marks omitted).

"Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick, 563 U.S. at 61 (citation and quotation marks omitted). To adequately plead deliberate indifference, a plaintiff "ordinarily" must allege "[a] pattern of similar constitutional violations by untrained employees." Simms v. City of New York, 480 F. App'x 627, 630 (2d Cir. 2012) (citation omitted). Moreover, "[a]ny showing of deliberate indifference requires notice that a course of training is deficient in a particular respect." Gerte v. Borough of Naugatuck, No. 3:19CV01511 (JBA), 2021 WL 1165362, at *7 (D. Conn. Mar. 26, 2021) (citations and quotation marks omitted).

Thus, to succeed on his Monell claim, plaintiff must plead facts demonstrating that the "the type of misconduct" alleged "was known to" the City of Waterbury, and that the City failed to provide proper training to address it. See id. (citation omitted).

The Amended Complaint does not make such allegations. Plaintiff does not allege facts establishing a pattern of false arrests by the City of Waterbury Police Department. Nor does he assert that the City of Waterbury was aware that its police officers were improperly arresting people without probable cause. Plaintiff merely states that the Internal Affairs division required Officer McMahon to receive more training following the incident, and concludes that the City of Waterbury was deliberately indifferent to his constitutional rights. See Doc. #8 at 4. Such conclusory allegations are insufficient to state an official capacity Monell claim against the City of Waterbury under a failure to train theory. See Santos v. New York City, 847 F. Supp. 2d 573, 577 (S.D.N.Y. 2012) (dismissing Monell claim "[b]ecause the existence of a municipal policy or practice, such as a failure to train or supervise, cannot be grounded solely on the conclusory assertions of the plaintiff"). Accordingly, all claims against the City of Waterbury are dismissed.

Because plaintiff has not adequately alleged a Monell claim against the City of Waterbury, his official capacity claims against the defendant Officers must also fail. See Chase v. Nodine's Smokehouse, Inc. et al., 360 F. Supp. 3d 98, 110-11 (D. Conn. 2019) (dismissing Monell claims against city and individual officers where complaint included "only conclusory statements about there being discriminatory practices and inadequate training and oversight").

Accordingly, all claims against the City of Waterbury and against defendants McMahon, Charette, and Sheehan, in their official capacities, are **DISMISSED, without prejudice**.

The Court will dismiss these claims without prejudice, even though plaintiff has already had an opportunity to amend the complaint once, in recognition of his self-represented status. The Court will permit plaintiff to make one final attempt to amend his complaint to state a Monell claim. However, the Court will not be inclined to grant additional opportunities for amendment.

**IV.  Conclusion**

For the foregoing reasons, the court enters the following orders:

- All claims against defendants McMahon, Charette, and Sheehan in their **official** capacities are **DISMISSED, without prejudice**.

- All claims against the City of Waterbury are **DISMISSED, without prejudice**.
- The case may proceed to service on plaintiff's Fourth Amendment and/or Fourteenth Amendment false arrest and malicious prosecution claims against defendants McMahon, Charette, and Sheehan in their **individual** capacities.

Plaintiff has two options as to how to proceed after this Initial Review Order:

(1)  **If plaintiff wishes to proceed against defendants McMahon, Charette, and Sheehan, in their individual capacities only, he may do so without further delay**. Plaintiff may simply file a Notice on the docket requesting that the case proceed to service of process on these three defendants. Plaintiff shall file this Notice as soon as possible, and no later than **January 12, 2022**. If plaintiff files this Notice, the Clerk will immediately provide plaintiff with the "service packets" to be completed, so that the process of service on these defendants (by waiver or, if necessary, by formal service) can begin.

**OR, IN THE ALTERNATIVE:**

(2)  **If plaintiff wishes to attempt to state a viable claim against defendants McMahon, Charette, and Sheehan in their official capacities, and against the City of Waterbury, he may file a Second Amended Complaint on or before January 12, 2022.** Any such Second Amended Complaint must not assert any claims

8

that have previously been dismissed <u>with prejudice</u> in the Court's prior Initial Review Order. A Second Amended Complaint, if filed, will completely replace the original Complaint and the Amended Complaint, and the Court will not consider any allegations made in the original Complaint or the Amended Complaint in evaluating any Second Amended Complaint. The Court will review any Second Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

**<u>CHANGES OF ADDRESS</u>**: If plaintiff changes his address at any time during the litigation of this case, he **MUST** file a Notice of Change of Address with the Court. **Failure to do so may result in the dismissal of the case**. Plaintiff must give notice of a new address even if he becomes incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address. He should also notify the defendants or defense counsel of his new address.

A separate case management order will issue once counsel for defendants files an appearance in this matter.

It is so ordered this 22 day of December, 2021, at New Haven, Connecticut.

```
                                  /s/
                        HON. SARAH A. L. MERRIAM
                        UNITED STATES DISTRICT JUDGE
```