UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
EDWARD GREENE                 :    Civ. No. 3:21CV01513(SALM)
                              :
v.                            :
                              :
JAMES McMAHON, PAUL CHARETTE, :
and NATHAN SHEEHAN            :    October 11, 2022
                              :
------------------------------x
```

ORDER TO SHOW CAUSE

On November 12, 2021, plaintiff Edward Greene ("plaintiff") filed this action asserting violations of his civil rights pursuant to 42 U.S.C. §1983. See generally Doc. #1. On November 29, 2021, plaintiff filed an Amended Complaint. See Doc. #8. The Court reviewed the Amended Complaint fully, pursuant to 28 U.S.C. §1915A, and permitted certain claims "to proceed against defendants McMahon, Charette, and Sheehan, in their individual capacities only[.]" Doc. #9 at 8. All three defendants waived service of process in February 2022. See Docs. #21, #22, #23.

On March 20, 2022, plaintiff filed a Motion to Appoint Counsel. See Doc. #24. The Court denied the motion without prejudice on April 5, 2022. See Doc. #28.

The Court issued a Scheduling and Case Management Order on April 4, 2022. See Doc. #27. That Order required the parties to exchange initial disclosures on or before May 19, 2022, and required both plaintiff and the defendants to file Statements of

Compliance on or before June 3, 2022, "indicating whether the production required has been (a) provided by that party, and (b) received by that party from the opposing party." Doc. #27 at 3. Neither plaintiff nor defendants timely filed a Statement of Compliance. On June 10, 2022, the Court ordered each party to "file a Statement of Compliance **immediately**, and in any event, no later than **June 24, 2022**." Doc. #30. Plaintiff and defendants were warned that "[f]ailure to comply with court orders and deadlines may result in the imposition of sanctions." Id. Defendants filed a Statement of Compliance on June 21, 2022. See Doc. #31. Defendants' statement indicated that defendants had "not received plaintiff's Initial Disclosures." Doc. #31 at 1. Plaintiff did not file a Statement of Compliance.

On June 29, 2022, the Court entered an Order directing plaintiff to "file a Notice on the docket **immediately** stating whether he has provided his initial disclosures to defense counsel." Doc. #32. Plaintiff was warned again that "[f]ailure to comply with court orders and deadlines may result in the imposition of sanctions." Id.

On July 1, 2022, the parties filed a Joint Status Report, through defense counsel, stating that defendants had served plaintiff with interrogatories and requests for production "dated April 28, 2022. The Plaintiff has not yet responded to those Interrogatories and Requests for Production." Doc. #33 at

1. On July 5, 2022, the Court entered an Order reminding plaintiff that "[d]iscovery responses are required to be provided within **thirty days** of the service of the requests." Doc. #34. The Court ordered plaintiff for a third time to "file a Notice on the docket **immediately** stating whether he has provided his initial disclosures to defense counsel[.]" Id. (citation and quotation marks omitted).

As of July 15, 2022, plaintiff still had not filed a Statement of Compliance. Therefore, the Court ordered:

> On or before **August 5, 2022**, plaintiff shall file a Notice on the docket stating whether he has provided his initial disclosures to defense counsel. Plaintiff is advised that failure to comply with this order **may result in the imposition of sanctions. If plaintiff continues to fail to respond to the Court, and to comply with court orders, the Court will enter an order of dismissal for failure to prosecute.**

Doc. #35 (emphasis in original).

On August 5, 2022, plaintiff filed a Notice on the docket stating that he had "suffered a traumatic brain injury and a severe concussion" and requesting "30 days to get this case in order." Doc. #36 at 1-2. On August 24, 2022, the Court issued an Order granting "plaintiff one final opportunity to respond to defendants' discovery requests and to provide defendants with the required initial disclosures." Doc. #37. The Court ordered plaintiff to "file a Notice on the docket stating that he has complied with his discovery obligations on or before **September**

**20, 2022**." Id. The Court also warned: "**The initial disclosure requirement is separate from the requirement that plaintiff respond to discovery requests issued by defendants. Plaintiff must comply with both of these obligations. Continuing failure to comply with court orders and deadlines will result in the imposition of sanctions, which may include dismissal of this case.**" Id. (emphasis in original).

The parties filed a Joint Status Report through defense counsel on August 25, 2022, stating: "Plaintiff has not yet responded to [the April 28, 2022,] Interrogatories and Requests for Production." Doc. #38 at 1.

Plaintiff still has not filed either a Statement of Compliance with the initial disclosure requirement, or a Notice stating his compliance with defendants' discovery requests.

## I. <u>LEGAL STANDARD</u>

The Local Rules of Civil Procedure provide: "In civil actions in which ... deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and self-represented parties[.]" D. Conn. L. Civ. R. 41(a).

The Federal Rules of Civil Procedure provide: "If a party ... fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders. They may include ... dismissing the action or proceeding in

whole or in part." Fed. R. Civ. P. 37(b)(2)(A). The Federal Rules also provide that a court may dismiss an action under Rule 41 "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b).

## II.   <u>DISCUSSION</u>

The Court has ordered plaintiff **six times** to file a Statement of Compliance confirming that he has complied with his discovery obligations. <u>See</u> Docs. #27 at 2-3, #30, #32, #34, #35, #37. The later of these Orders also required plaintiff to file a Notice confirming that plaintiff had responded to defendants' discovery requests. As of August 25, 2022, the parties reported that plaintiff still had not responded to the requests that were served on April 28, 2022. <u>See</u> Doc. #38 at 1. Plaintiff has failed to respond to court orders, failed to comply with discovery, and failed to prosecute this case.

It is "Plaintiff's duty to take the necessary measures to prosecute his action in a timely manner or face dismissal of his action." <u>Hiller v. Farmington Police Dep't</u>, No. 3:12CV01139(CSH), 2014 WL 992790, at *4 (D. Conn. Mar. 13, 2014). "The United States 'Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute.'" <u>Id.</u> (quoting <u>West v. City of New York</u>, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)).

Where, as here, "there is a lack of due diligence in the

prosecution of the lawsuit by plaintiff[,]" "[d]ismissal is
warranted[.]" Id. (citation and quotation marks omitted). The
Second Circuit has identified five factors that may be relevant
in determining whether dismissal pursuant to Rule 41(b)
is appropriate, including

> whether (1) the plaintiff's failure to prosecute caused
> a delay of significant duration; (2) plaintiff was given
> notice that further delay would result in dismissal; (3)
> defendant was likely to be prejudiced by further delay;
> (4) the need to alleviate court calendar congestion was
> carefully balanced against plaintiff's right to an
> opportunity for a day in court; and (5) the trial court
> adequately assessed the efficacy of lesser sanctions.

Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations and
quotation marks omitted). "[N]one of the five factors is
separately dispositive[.]" LeSane v. Hall's Sec. Analyst, Inc.,
239 F.3d 206, 210 (2d Cir. 2001). The Court "is not required to
expressly discuss these factors on the record," but the Second
Circuit has encouraged trial courts to explain their reasoning,
so the Court does so here. Hunter v. New York State Dep't of
Corr. Servs., 515 F. App'x 40, 42 (2d Cir. 2013).

Rule 37(b) permits the Court to dismiss a case based on a
party's "fail[ure] to obey an order to provide or permit
discovery[.]" Fed. R. Civ. P. 37(b)(2). The Second Circuit has
identified four factors that may be useful in evaluating whether
dismissal is warranted under Rule 37: "(1) the willfulness of
the non-compliant party or the reason for noncompliance; (2) the

efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." <u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009) (<u>per curiam</u>) (quotation marks and citation omitted).

There is significant overlap between the factors used to determine whether dismissal is warranted under Rule 37(b) and under Rule 41. The Court herein reviews the factors for dismissal under Rule 41, while also considering the additional factor considered under Rule 37(b), that is, the "willfulness of the non-compliant party[.]" <u>Id.</u> Therefore, the analysis below analyzes six factors.

**1. Plaintiff's repeated failures to prosecute have caused a significant delay.** Plaintiff was required to provide initial disclosures to defense counsel on or before **May 19, 2022.** <u>See</u> Doc. #27 at 2. He was required to file a Statement of Compliance with that requirement on or before **June 3, 2022.** <u>See</u> id. at 3. Plaintiff was required to respond to defendants' discovery requests on or before **May 28, 2022.** <u>See</u> Doc. #34. These delays are significant, and have effectively prevented the case from proceeding. This factor weighs in favor of dismissal.

**2. Plaintiff was given notice that further delay would result in dismissal.** The Court warned plaintiff on July 5, 2022, and July 15, 2022, that "failure to comply with court orders and

deadlines may result in the imposition of sanctions, including potential dismissal of this action." Docs. #34, #35.[1] On August 24, 2022, the Court expressly warned plaintiff that **"[c]ontinuing failure to comply with court orders and deadlines will result in the imposition of sanctions, which may include dismissal of this case."** Doc. #37. The Court has repeatedly notified plaintiff that further delay and non-compliance would result in dismissal; therefore, this factor weighs in favor of dismissal.

**3. Defendants have been, and will continue to be, prejudiced by the delay.** Defendants have not received even the most basic discovery from plaintiff. Without discovery defendants are unable "to defend themselves and have their day in court." Lewis v. Cavanaugh, 3:10CV00112(VLB), 2019 WL 340742, at *5 (D. Conn. Jan. 28, 2019).

"Furthermore, because plaintiff has a duty of due diligence to move his case forward, and has failed to do so, prejudice to the defendants may be presumed." Martin v. Mejias, No. 3:19CV01101(KAD), 2020 WL 3843689, at *2 (D. Conn. July 8, 2020) (citation and quotation marks omitted). This factor weighs in favor of dismissal.

---

[1] In an abundance of caution, the Court ordered a copy of Doc. #35 to be mailed to plaintiff at his address of record, even though he had consented to electronic notice. See Doc. #35. That mailing was not returned the Court as undeliverable.

**4. The Court has carefully balanced the need to manage its docket against plaintiff's right to pursue this action.** The Scheduling and Case Management Order was issued on April 4, 2022. See Doc. #27. Since the issuance of that Order, plaintiff has failed to meet any of the deadlines set, including the deadline to provide initial disclosures. See Doc. #27 at 2. Plaintiff has failed to respond to defendants' discovery requests, responses to which were due more than four months ago. Although plaintiff has expressed interest in pursuing this case, see, e.g., Doc. #36, he has failed to actually do so. This factor weighs in favor of dismissal.

**5. Lesser sanctions would not be effective.** The Court considers the efficacy of lesser sanctions. The Court has granted plaintiff's motion to proceed in this matter without the payment of fees and costs. See Doc. #6. Thus, in this case, "[m]onetary sanctions cannot be relied on because the plaintiff is indigent." Bhatia v. Pitney Bowes, Inc., No. 3:04CV1484(RNC), 2006 WL 2661143, at *1 (D. Conn. Sept. 14, 2006); see also Neal v. Comm'r of Soc. Sec., No. 18CV01936(VEC)(SN), 2019 WL 3402464, at *2 (S.D.N.Y. June 5, 2019) ("[T]here are no lesser sanctions — such as a monetary fine — practicable here given that Plaintiff is proceeding in forma pauperis and pro se."), report and recommendation adopted, 2019 WL 2710127 (June 28, 2019)). The Court finds that no lesser sanctions would be effective.

**6. The willfulness of the non-compliant party or the reason for noncompliance.** In determining whether dismissal is an appropriate sanction for failure to comply with discovery and court orders, the Court considers the willfulness of the non-compliant party. Non-compliance "may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Davis v. Stop & Shop Supermarket, No. 3:18CV01279(KAD), 2019 WL 5696019, at *2 (D. Conn. Nov. 4, 2019) (quotation marks and citations omitted).

As described above, the Court's orders have been clear, and repeated. There is no indication that plaintiff has not understood the Court's orders. It is true that plaintiff's recent non-compliance may be exacerbated by "factors beyond [his] control." Davis, 2019 WL 5696019 at *2. On August 5, 2022, plaintiff filed a Notice asserting that he "suffered a traumatic brain injury and a severe concussion on 3-16-22" and that he "was arrested for violation of probation ... was held and had to post 2 bonds for 2 violations of probation ... [and has] had no transportation and no work." Doc. #36 at 2. These circumstances are not extraordinary, however, and the Court granted plaintiff an extension of time in response to that Notice. See Doc. #37. In spite of that accommodation, plaintiff's non-compliance has continued. This factor weighs in favor of dismissal.

In sum, plaintiff has been given ample notice of the deadlines in this case and has failed to comply. The Court has extended and reset the deadlines for him to provide initial disclosures and discovery responses, but plaintiff has failed to comply. There is no indication that plaintiff has not been receiving the Court's Orders, or that he is unable to understand them. Accordingly, dismissal appears appropriate.

**III. <u>CONCLUSION</u>**

Plaintiff is hereby **ORDERED** to show cause why this matter should not be dismissed for failure to comply with discovery and court orders, and for failure to prosecute. Plaintiff shall file a response to this Order on or before **November 2, 2022,** explaining why he has failed to comply with discovery and court orders, and stating why the case should not be dismissed.

**Plaintiff is advised that failure to file a timely response providing a "satisfactory explanation" for plaintiff's failure to comply with court orders and discovery requests will result in "an order of dismissal."** D. Conn. L. Civ. R. 41(a).

It is so ordered at Bridgeport, Connecticut, this 11th day of October, 2022.

<pre>
            /s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES CIRCUIT JUDGE
Sitting by Designation
</pre>